FILED

P.M. _____ 20 05
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | Case Number 1:05CR88-5 |
| SABRINA DAVIS | § | |

## SCHEDULING ORDER

It is **ORDERED**:

### I. PRETRIAL DISCOVERY AND INSPECTION

A.   Within five (5) days after the arraignment, or date of receipt of this Order by Defendant, whichever occurs first, the United States Attorney or Assistant United States Attorney prosecuting the case (hereinafter collectively "United States Attorney") and Defendant's attorney shall confer; whereupon, the United States of America (hereinafter "the Government") shall:

(1)   Permit Defendant's attorney to inspect and copy or photograph any relevant written or recorded statements or confessions made by Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government;

(2)   Permit Defendant's attorney to inspect and copy or photograph that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to Defendant to be a Government agent;

(3)   Permit Defendant's attorney to inspect and copy or photograph any recorded testimony of Defendant before a grand jury which relates to the offense charged;

(4)   Disclose to Defendant's attorney the substance of any other relevant oral statement made by Defendant whether before or after arrest in response to interrogation by any person then known by Defendant to be a Government agent if the Government intends to use that statement at trial;

(5) Disclose to Defendant any copy of Defendant's prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, including the Federal Bureau of Investigation Identification Sheet;

(6) Permit Defendant's attorney to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of Defendant's defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to Defendant;

(7) Permit Defendant's attorney to inspect and copy or photograph any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connections with the case, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial;

(8) Permit Defendant's attorney to inspect, copy, or photograph any evidence within the ambit of *Brady v. Maryland* (evidence which might tend to exculpate Defendant, mitigate punishment, or impeach testimony which may be determinative of Defendant's guilt or innocence);

(9) Disclose to Defendant's attorney evidence of Defendant's other crimes, wrongs, or acts which — although inadmissible to prove Defendant's bad character — the Government believes to be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, concerning the instant charge; and

(10) Disclose to Defendant's attorney a written summary of testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, during its case in chief at trial, including witness opinions, bases and reasons therefor, and the witnesses' qualifications.

B. If, in the judgment of the United States Attorney, it would not be in the interests of justice to make any one or more disclosures set forth in paragraph "A" and requested by Defendant's counsel, the declination shall be in writing, directed to Defendant's counsel, and signed personally by the United States Attorney, specifying the

types of disclosures that are declined. If Defendant seeks to challenge the declination, Defendant shall proceed pursuant to paragraph "C" below.

C.   If additional discovery or inspection is sought, Defendant's attorney shall confer with the appropriate United States Attorney within ten (10) days of the arraignment, or date of receipt of this Order by Defendant, whichever occurs first, with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written, and the United States Attorney shall respond in a like manner.

D.   In the event Defendant thereafter moves for additional discovery or inspection, Defendant's motion shall be filed within twenty (20) days after the arraignment, or date of receipt of this Order by Defendant, whichever occurs first. It shall contain:

(1)   the statement that the prescribed conference was held;

(2)   the date of said conference;

(3)   the name of the United States Attorney with whom the conference was held; and

(4)   the statement that agreement could not be reached concerning the discovery or inspection that is the subject of Defendant's motion.

<u>The Court cautions counsel that filing unnecessary motions may result in imposition of sanctions. Counsel are to present by motion only genuine issues actually in dispute that counsel are unable to resolve in conference.</u>

E.   Upon the Government's compliance with the provisions of paragraph "A" of this Order, Defendant shall permit the Government to inspect and copy or photograph:

(1)   Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in chief at the trial; and

(2) Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom Defendant intends to call at the trial when the results or reports relate to that witness's testimony.

F. Any duty of disclosure and discovery set forth in this Order is a continuing one.

G. Any disclosure granted by the Government pursuant to this Order of material within the purview of FED. R. CRIM. P. 16(a)(2) and 16(b) and FED. R. EVID. 404(b) shall be considered as information requested by Defendant and granted by the Court.

## II. OTHER DEFENSES, OBJECTIONS AND REQUESTS

Pursuant to FED. R. CRIM. P. 12(c), the Court requires that any defense, objection or request capable of determination without trial of the general issue[1] be raised by written motion in the form required by FED. R. CRIM. P. 47. Any such motion shall be filed within <u>thirty (30)</u> days from date of this order, and the Government shall respond within <u>ten (10)</u> days after being served, unless the Court by separate order (*e.g.*, an "Order Setting Final Pre-Trial and Trial" or similar order) establishes an explicit deadline for filing and responding to a particular type of motion. When specific deadlines established by separate Court order conflict with general deadlines stated above, the separate order shall prevail and govern the parties.

---

[1] These matters include all matters listed in RULES 12 (b), 12.1, 12.2, 12.3, 14, 15 and 16, FED. R. CRIM. P., and include, without limitation, (1) defects in institution of prosecution; (2) defects in indictment or information; (3) suppression of evidence; (4) alibi; (5) insanity or mental condition; (6) defense based on public authority; (7) discovery; (8) depositions; (9) selective or vindictive prosecution; (10) outrageous governmental misconduct; (11) misjoinder; (12) pre-indictment delay; (13) speedy trial; (14) prejudicial publicity; (15) lack of personal jurisdiction; (16) Posse Comitatus Act, 18 U.S.C. 1385; (17) recantation as a defense to perjury; (18) limitations; (19) double jeopardy; (20) multiple sentencing; and (21) immunity. <u>If the Federal Rules of Criminal Procedure, a federal statute, or other Order of the Court establishes an earlier deadline than established in this Order, the earlier deadline shall govern the parties.</u>

## III. COMPLIANCE

Failure to provide discovery and observe deadlines established in this order may result in the imposition of sanctions. Failure to raise defenses or objections, or to make requests in accordance with Sections I and II, shall constitute waiver thereof, but the Court for cause shown may grant relief from the waiver.

**SIGNED this the 1st day of July, 2005.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE